IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Calvin D. James, ) | Civil Action No.:2:12-02836-JFA-BHH |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Warden of Lieber Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on Respondent's Motion for Summary Judgment. (Dkt. No. 21; see also Dkt. No. 20.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about September 25, 2012. (Dkt. No. 1.) On March 13, 2013, Respondent moved for summary judgment. (Dkt. No. 21; see also Dkt. No. 20.) By order filed March 14, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 22.) Petitioner filed his Response in Opposition to the Motion for Summary Judgment on or about April 16, 2013. (Dkt. No. 24.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at Lieber Correctional Institution. In August of 2005, Petitioner was indicted by the Richland County Grand Jury for burglary in the first degree (after June 20, 1985) and grand larceny. (R. at 371-76.) The Petitioner was represented by Tivis Sutherland, Esquire, and Betsy Franklin, Esquire. (See R. at 58.) A jury

trial was held on May 16, 2006, before the Honorable James W. Johnson, Jr. (See R. at 58.) The jury convicted Petitioner of burglary in the first degree and petit larceny, and Judge Johnson sentenced Petitioner to thirty years on the charge of burglary in the first degree and thirty days, concurrent, for petit larceny. (R. at 373, 376, 291.)

Petitioner appealed and was represented by Joseph L. Savitz, III, Esquire, of the South Carolina Commission on Indigent Defense. In his Final Brief of Appellant, Petitioner raised the following issue:

> The trial judge committed reversible error by allowing the State to introduce evidence connecting James to an earlier burglary, as its admission violated *Rules 403* and *404, SCRE*.

(R. at 347.)

In an unpublished opinion filed on December 15, 2008, the South Carolina Court of Appeals affirmed Petitioner's convictions and sentence. (R. at 368-69.) The remittitur was issued on December 31, 2008. (R. at 370.)

On or about January 8, 2009, Petitioner filed an application for post-conviction relief ("PCR"). (R. at 293-98.) In that application, Petitioner alleged the following grounds for relief:

1. Ineffective assistance of trial counsel.

2. Ineffective assistance of appellate counsel.

(R. at 294.)

On November 4, 2009, an evidentiary hearing was held before the Honorable G. Thomas Cooper, Jr. (R. at 304-35.) Petitioner was present and represented by Tynika Claxton, Esquire. (See R. at 304.) In an order dated February 10, 2010, Judge Cooper denied the application for post-conviction relief and dismissed the petition. (R. at 336-43.)

On September 14, 2010, LaNelle C. DuRant, Esquire, of the South Carolina Commission on Indigent Defense, filed a Johnson Petition for Writ of Certiorari. (Dkt. No. 20-7.) Therein Petitioner raised the following issue:

> Did the PCR court err in failing to find trial counsel ineffective for not objecting when the trial judge answered the jury's question regarding how much of a

person's body had to enter the dwelling to constitute the 'entering' element of first degree burglary after jury deliberations had begun?

(Dkt. No. 20-7 at 3 of 9.) Ms. DuRant also filed a petition to be relieved as counsel. (Dkt. No. 20-7 at 8 of 9.)

On August 20, 2012, the South Carolina Court of Appeals issued an order denying the petition for writ of certiorari. (Dkt. No. 20-8.) The matter was remitted to the lower court on September 7, 2012. (Dkt. No. 20-9.)

The Petitioner then filed the instant habeas action raising the following grounds for review (verbatim):

> **Ground One**: The trial court and subsequent reviewing courts erred in ruling that the trial judge did not commit reversible error by allowing the state to introduce evidence connecting Petitioner to an earlier burglary, as its admission violated Rules 403 and 404, SCRE?
>
> **Ground Two**: The PCR court and subsequent reviewing courts erred in failing to find trial counsel ineffective for not objecting when the trial judge answered the jury's question regarding how much of a person's body had to enter the dwelling to constitute the 'entering' element of first degree burglary after jury deliberations had begun.

(Dkt. No. 1-1.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is

3

to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## **DISCUSSION**

Respondent moved for summary judgment on all of Petitioner's grounds for relief. (See Dkt. No. 21; Dkt. No. 20.) The undersigned will address Petitioner's two grounds for relief in turn.

4

**A. Ground One**

As noted above, Petitioner claims in Ground One that the trial judge erred in "allowing the state to introduce evidence connecting petitioner to an earlier burglary, as its admission violated Rules 403 and 404, SCRE." (Dkt. No. 1.) In his memorandum, Petitioner states that he was on trial for the burglary of the Gray residence, which occurred on May 13, 2005. (Dkt. No. 1-1 at 3 of 8.) According to Petitioner, the trial court erred in admitting evidence that his fingerprint "had been found at a home burglarized four days earlier on May 9." (Id.) Petitioner states, "A Columbia investigator working the May 9 burglary discovered that Petitioner had pawned jewelry belonging to Gray, the victim in the May 13 burglary." (Id.) Petitioner asserts that while trial counsel argued the evidence was inadmissible, the trial judge allowed the evidence "as bearing on the identity of the perpetrator of the May 13 burglary." (Id. at 4 of 8.) Petitioner contends that although he was only on trial for the May 13 burglary, evidence was introduced that his fingerprint was found at the location of both burglaries. (See Dkt. No. 1-1 at 3-4 of 8.)

Respondent seeks summary judgment on Ground One, contending that Petitioner is not entitled to relief because Petitioner "is merely complaining about a violation of state law, *i.e.*, a violation of state evidentiary laws, and federal habeas corpus relief is not available to correct errors of state law." (Dkt. No. 20 at 8.) Respondent is correct. "It is not the province of a federal habeas court to reexamine state-court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also 28 U.S.C. § 2254(a). "[I]n considering federal habeas corpus issues involving state evidentiary rulings, [federal courts] 'do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding.'" Barbe v. McBride, 521

F.3d 443, 452 (4th Cir. 2008) (quoting Burket v. Angelone, 208 F.3d 172, 186 (4th Cir. 2000)). "'It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented.'" Id. (quoting Spencer v. Murray, 5 F.3d 758, 762 (4th Cir. 1993)).

Petitioner does not identify any constitutional right at issue in Ground One; rather, he contends the admission of the evidence violated the South Carolina Rules of Evidence. (See Dkt. No. 1-1 at 3 of 8.) In his Response in Opposition, Petitioner cites to the Supreme Court's opinion in Holmes v. South Carolina, 547 U.S. 319 (2006), contending this case indicates Ground One does state a claim. (Dkt. No. 24 at 4 of 7.) Holmes, however, is easily distinguishable and involved the exclusion of evidence of third-party guilt; the Court concluded the at-issue rule violated the defendant's right to present a meaningful defense. See Homes, 547 U.S. 319.

Petitioner is not entitled to habeas relief on Ground One, and the undersigned therefore recommends granting Respondent's Motion for Summary Judgment on this ground. See, e.g., Keith v. Stevenson, Civ. A. No. 4:09–1865–MBS, 2010 WL 3786122, at *7-8 (D.S.C. Sept. 20, 2010); Lucas v. McBride, 505 F. Supp. 2d 329, 354 (N.D. W. Va. 2007).

**B. Ground Two**

In Ground Two, Petitioner contends that trial counsel was ineffective for failing to object when the trial judge answered the jury's question regarding how much of a person's body had to enter the dwelling to constitute the "entering" element of first degree burglary. (See Dkt. No. 1-1 at 6 of 8.)

After the jury had begun deliberations, the jury sent a question to the trial judge as to "whether or not it is necessary for the accused [sic] entire body to be in the dwelling, for

6

there to be entering under the first degree burglary." (R. at 283.) The trial judge brought the jury back in and instructed,

> Mr. Foreman and ladies and gentlemen, under our procedures, I am not permitted to sit here and have a discussion with you. Sometimes I wish I could but I am not permitted to. When I do get a question I am limited to answer the specific question that has been asked so that is what I am going to attempt to do. Let me read into the record, the question presented by the jury, does the accused entire body have to be in the dwelling for it to be considered entering under the legal definition of first degree burglary. Let me further charge you and explain to you again that there must be an entering, that is one of the elements that the state must prove beyond a reasonable doubt. The state must prove that there was an entering, that is the defendant actually went inside the house or some part of it. It is not necessary, however, that the entire body of the defendant enter the house. The smallest entry is sufficient and it may be any part of the body such as a hand or a foot or even an implement such as a hook or other instrument, proof of a break-in is not required under the law. I have tried to respond to the question and I will send you back and ask you to continue deliberating. . . .

(R. at 283-84.)

In rejecting Petitioner's application for post-conviction relief, Judge Cooper concluded that "[c]ounsel was not deficient in any manner, nor was [Petitioner] prejudiced by counsel's representation." (R. at 342.) Specifically addressing the issue raised in Ground Two, Judge Cooper's order of dismissal states,

> During their deliberation, the jury inquired "WHETHER OR NOT IT IS NECESSARY FOR THE ACCUSED ENTIRE BODY TO BE IN THE DWELLING, FOR THERE TO BE ENTERING UNDER THE FIRST DEGREE BURGLARY." (Trial transcript, p. 224-225.) Trial counsel made no objections to the trial court's subsequent response to the jury. The allegation on PCR is that trial counsel should have objected to the trial court's even answering the question, as there is no allegation that the trial court's explanation was technically accurate [sic] concerning the elements of burglary. The Applicant has not alleged a legal or factual basis for any objection trial counsel should have made regarding the trial court's response to the jury's question. In addition, there has been no demonstration of prejudice in the sense that had counsel objected (for some reason) that the Court would have not overruled the objection within his discretion. Accordingly, the Applicant has failed to satisfy his burden of proof as to whether trial counsel's performance was deficient or that the Applicant was in any way prejudiced.

7

(R. at 340-41.)

Respondent seeks summary judgment on Ground Two, contending, *inter alia*, that Petitioner's claim fails under § 2254(d)(1). (See Dkt. No. 20 at 15 of 16.) The undersigned agrees with Respondent–Petitioner has not shown that the PCR court's decision was contrary to, or an unreasonable application of, clearly established federal law. Nor has Petitioner shown the PCR court's adjudication of Ground Two was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d).

Strickland v. Washington, 466 U.S. 668 (1984), states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. While Strickland itself is a deferential standard, when both § 2254(d) and Strickland apply, "review is doubly" deferential. Harrington v. Richter, 131 S.Ct. 770, 788 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 131 S.Ct. at 788.

The undersigned recommends granting summary judgment to Respondent on Ground Two. The PCR judge concluded that the trial judge's answer to the jury's question was technically correct. (See R. at 341.) Petitioner has not cited–and the undersigned has not found–any controlling legal authority to contradict the PCR judge's conclusion. See State v. Chappell, 185 S.C. 111, 193 S.E. 924 (1937); see also 3 S.C. Jur. Burglary § 15 ("At common law, the intrusion into the building of any part of the body for the purpose of committing a felony would suffice for entering.").[1] Counsel cannot be deemed ineffective for failing to make a meritless objection. See Thai v. Mapes, 412 F.3d 970, 979 (8th Cir. 2005) ("Because the promise of leniency argument was factually meritless, his counsel was not ineffective for failing to make this argument . . . ."); Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1142 (11th Cir. 2005) ("Under Florida law, an error that passed without objection cannot be raised on appeal; appellate counsel, therefore, is not ineffective for failure to raise a meritless argument."); Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir.2000) ("counsel cannot be ineffective for failing to raise a meritless claim").

Petitioner has not shown the PCR court's rejection of this claim was contrary to, or an unreasonable application of, clearly established federal law; nor has Petitioner shown the PCR court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). The undersigned therefore recommends granting summary judgment to Respondent on Ground Two.

---

[1] Although Chappell was decided prior to the enactment of S.C. Code § 16-11-311, that code section does not define "entering." See S.C. Code Ann. § 16-11-311. South Carolina Code § 16-11-310 does define the term "enters a building without consent" as follows:
> "Enters a building without consent" means:
> (a) To enter a building without the consent of the person in lawful possession; or
> (b) To enter a building by using deception, artifice, trick, or misrepresentation to gain consent to enter from the person in lawful possession.

S.C. Code § 16-11-310(3). Of course, this definition does not answer the question posed by the jury.

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, Respondent's Motion for Summary Judgment (Dkt. No. 21) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[2]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

October 29, 2013
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[2] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).