UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Calvin D. James, | ) | C/A No. 2:12-2836-JFA-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden of Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Calvin D. James, is an inmate at the South Carolina Department of Corrections. He brings this action under 28 U.S.C. § 2254 challenging his 2006 state court convictions for first degree burglary and petit larceny.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the respondent's motion for summary judgment should be granted.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

The petitioner was advised of his right to file objections to the Report and Recommendation, and he filed objections thereto. The court has conducted a *de novo* review of the objections which will be discussed herein.

The Report and Recommendation recites the factual and procedural background giving rise to this action. Briefly, a jury found petitioner guilty of first degree burglary and petit larceny and sentenced the petitioner to 30 years and 30 days to run concurrent. He filed a direct appeal of his conviction raising the issue of whether the trial judge erred in allowing the State to introduce evidence connecting the petitioner to an earlier burglary, in violation of Rules 403 and 404 of the South Carolina Rules of Evidence (SCRE). The South Carolina Court of Appeals affirmed petitioner's convictions and dismissed the appeal, and the remittitur was issued on December 31, 2008.

Petitioner then filed an application for post conviction relief (PCR) contending that he received ineffective assistance of both trial and appellate counsel. An evidentiary hearing was held and the PCR court dismissed the PCR. A *Johnson* petition[3] for writ of certiorari was filed raising the issue of whether the PCR court erred in failing to find trial counsel ineffective for not objecting when the trial judge answered the jury's question regarding how much of a person's body had to enter the dwelling to constitute the "entering" element of first degree burglary after jury deliberations had begun. The South Carolina Court of Appeals denied the petition for writ of certiorari and the remititur was handed down on September 7, 2012.

---

[3] *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

The present § 2254 petition was filed on September 25, 2012. Therein, petitioner raises two Grounds for relief:

(1) The trial court and subsequent reviewing courts erred in ruling that the trial judge did not commit reversible error by allowing the state to introduce evidence connecting petitioner to an earlier burglary, as its admissions violated Rules 403 and 404 of the S.C. Rules of Evidence; and

(2) The PCR court and subsequent reviewing courts erred in failing to find trial counsel ineffective for not objecting when the trial judge answered the jury's question regarding how much of a person's body had to enter the dwelling to constitute the "entering" element of first degree burglary after jury deliberations had begun.

*Ground 1: Trial Judge Error*

In Ground 1, petitioner contends that the trial judge erred in allowing the State to introduce evidence connecting petitioner to an earlier burglary in violation of Rules 403 and 404 of the SCRE. The Magistrate Judge agrees with the respondent that petitioner is not entitled to federal habeas on this issue because it is not in the province of a federal habeas court to re-examine state court determinations on state law questions. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); and 28 U.S.C. 2254(a).

As the Magistrate Judge notes in her Report, the petitioner does not identify any federal constitutional issue in Ground 1. He merely contends that the admission of evidence violated the South Carolina Rules of Evidence.

In his objections to the Report, the petitioner maintains that this case involves the Fourteenth Amendment to the United States Constitution. However, in his response to the

3

respondent's motion for summary judgment, petitioner contends that the admission was in violation of the *Fifth Amendment* to the United States Constitution and the Supreme Court's opinion in *Holmes v. South Carolina*, 547 U.S. 319 (2006). The Magistrate Judge notes in her Report that *Holmes* is distinguishable and involved the exclusion of evidence of third party guilt and the Supreme Court concluded that the at-issue rule violated the defendant's right to present a meaningful defense.

Petitioner cannot, at this stage of the proceedings, try to make his claim viable by claiming in his objections that the issue involved a violation of the Fourteenth Amendment. This court agrees with the Magistrate Judge's recommendation that Ground 1 is without merit and should be dismissed. Petitioner's objection is overruled.

*Ground 2: Ineffective Assistance of Counsel*

In this Ground, petitioner contends that trial counsel was ineffective for failing to object when the trial judge answered the jury's question regarding how much of a person's body had to enter the dwelling to constitute the "entering" element of first degree burglary. Under *Strickland v. Washington*, 466 U.S. 668 (1984), the PCR court determined that the trial judge's answer to the jury's question was technically correct and counsel cannot be deemed ineffective for failing to make a meritless objection. The Magistrate Judge concludes that petitioner cannot show that the PCR court's rejection of this claim was contrary to or an unreasonable applicable of clearly established law nor was the PCR court's adjudication of the claim based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); and *Williams v. Taylor*, 529 U.S. 362 (2000).

In his objections to the Report on Ground 2, petition appears to suggest error in the State's preparation of the PCR order because "the State was petitioner's opponent." Petitioner also contends he had a trial and not a guilty plea and that

> the "formular that was used by the Attorney General is Contrary to Clearly established federal law. See: Strickland v. Washington has never approved of the standard of a guilty plea presented whenever the petitioner went to a jury trial. Therefore, the Order is contrary to clearly established federal law."

Pet. Obj. at 2–3.

The court finds this objection wholly without merit and thus, it is overruled.

CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Thus, the Report is adopted and incorporated herein by reference. Accordingly, the § 2254 petition is denied and the respondent's motion for summary judgment (ECF No. 21) is granted.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

IT IS SO ORDERED.

March 25, 2014                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge